**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4384**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOUGLAS ALLEN COX,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-794)

---

Submitted: January 19, 2006      Decided: January 24, 2006

---

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan Scott Gasser, Acting United States Attorney, Columbia, South Carolina, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Douglas Allen Cox appeals his conviction and sentence for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Cox's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserts that the district court did not fully comply with Rule 11 in accepting Cox's guilty plea. Counsel also asserts that Cox's sentence was unreasonable. Although Cox was notified of his right to file a supplemental pro se brief, and even requested an extension, he did not do so. Finding no reversible error, we affirm.

In the Anders brief, counsel asserts that the district court erred in failing to notify Cox of the court's obligation to impose a special assessment. We find no evidence that this error affected Cox's decision to plead guilty and hence it did not affect his substantial rights. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Cox acknowledged that he knew and understood all of his rights prior to pleading guilty.

Counsel also questions the reasonableness of Cox's sentence in light of two enhancements imposed in calculating his guideline range. We first find that the court did not clearly err in determining that Cox possessed the firearm in connection with

- 2 -

another felony. Both his victim and her eight-year old daughter confirmed that he used the firearm to threaten the victim. We further find that the court did not clearly err in applying the enhancement for obstruction of justice. Cox's victim and her daughter stated that Cox contacted them on several occasions prior to the trial to convince the victim to change her testimony about who owned the gun.

Applying both the four-level enhancement for possession of a firearm in connection with another felony, U.S. Sentencing Guidelines Manual § 2K2.1(b)(5), and the two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, yielded a guideline range of 37 to 46 months. This Court in United States v. White, 405 F.3d 208, 216 (4th Cir. 2005), stated that it would affirm a sentence imposed after Booker "as long as it is within the statutorily prescribed range and is reasonable." Cox's forty-month sentence fits these criteria.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cox's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

- 3 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED